UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMEER R. MUHAMMAD, | Case No.: 2:21-cv-01536-APG-EJY |
| Plaintiff | **Order Granting Lyft's Motion to Dismiss** |
| v. | [ECF No. 7] |
| JAMES MILTON SKOMSVOLD, et al., | |
| Defendants | |

In July 2019, plaintiff Ameer Muhammad was injured in a car accident involving defendant James Skomsvold, who Muhammad alleges was working for defendants Lyft, Inc. and/or Hertz Vehicles, LLC at the time of the accident. He sues all defendants for negligence and negligence per se. ECF No. 1-3 at 6-8. He also sues Hertz and Lyft for negligent entrustment. *Id.* at 8-9. Finally, he asserts against Lyft a claim for negligent hiring, training, retention, and supervision. *Id.* at 10-11.

Lyft moves to dismiss the negligent hiring, training, retention, and supervision claim, arguing that the claim is not supported by anything more than a conclusory recitation of the claim's elements. Muhammad responds that the complaint was originally filed in Nevada state court, which has a lesser pleading standard. But he contends he has adequately met the federal pleading standard as well. Alternatively, he requests leave to amend if I conclude he has not plausibly alleged this claim.

I grant Lyft's motion to dismiss because Muhammad's fourth claim is conclusory and does not plead facts that would plausibly show that Lyft was negligent in hiring, training, supervising, or retaining Skomsvold. However, I grant leave to amend because it is not clear that amendment would be futile.

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) (quotation omitted).  "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities." *Id.*  Similarly, an employer "has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Id.* at 99.

Muhammad has not alleged any facts that make it plausible that Lyft knew or should have known of Skomsvold's alleged dangerous propensities before or after it hired him.  He also has not alleged any facts regarding Lyft's alleged failure to train or supervise Skomsvold.  Instead, he presents only conclusory allegations combined with the fact that Skomsvold allegedly caused the accident.  Conclusory allegations tracking the elements of these claims are insufficient.  I therefore grant Lyft's motion to dismiss.  Because it is not clear that amendment would be futile, I grant Muhammad leave to amend this claim. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

I THEREFORE ORDER that defendant Lyft, Inc.'s motion to dismiss **(ECF No. 7) is GRANTED**. Plaintiff Ameer Muhammad's fourth claim is dismissed without prejudice.

I FURTHER ORDER that by November 15, 2021, plaintiff Ameer Muhammad may file an amended complaint correcting the deficiencies identified in this order if facts exist to do so.

DATED this 22nd day of October, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE