UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMEER R. MUHAMMAD,<br><br>　　Plaintiff<br><br>v.<br><br>JAMES MILTON SKOMSVOLD, et al.,<br><br>　　Defendants | Case No.: 2:21-cv-01536-APG-EJY<br><br>**Order Denying Hertz's Motion to Dismiss**<br><br>[ECF No. 12] |

　　In July 2019, plaintiff Ameer Muhammad was injured in a car accident involving defendant James Skomsvold, who Muhammad alleges was working for defendants Lyft, Inc. and/or Hertz Vehicles, LLC at the time of the accident.  He sues all defendants for negligence and negligence per se. ECF No. 1-3 at 6-8.  He also sues Hertz and Lyft for negligent entrustment. *Id.* at 8-9.  Finally, he asserts against Lyft a claim for negligent hiring, training, retention, and supervision. *Id.* at 10-11.

　　Hertz moves to dismiss the negligent entrustment claim, arguing that the claim is barred by the 2005 Graves Amendment to the Federal Safe, Accountable, Flexible, Efficient Transportation Equity Act, 49 U.S.C. § 30106.  Hertz contends the Graves Amendment disallows state tort lawsuits seeking to impose vicarious liability on car rental agencies for accidents allegedly caused by a lessee.  Hertz contends that the negligent entrustment claim as pleaded asserts negligence on the lessee's part and seeks to impose vicarious liability on Hertz, so it is barred.

　　Muhammad responds that his negligent entrustment claim is based on Hertz's own negligence, not just on the driver's negligence.  Muhammad also argues that Hertz and Lyft were engaged in a joint venture that acted as a taxi service, and thus this is not a traditional car rental

situation to which the Graves Amendment would apply.  Muhammad requests I take judicial notice of various website printouts in support of his response.  Alternatively, Muhammad requests leave to amend.

In reply, Hertz objects to the website printouts as inappropriate to consider at dismissal because the contents were not pleaded in the complaint and are not subject to judicial notice. Hertz also contends that the referenced website belongs to Hertz Corporation, not Hertz Vehicles, LLC, and that it appears that Muhammad has named the wrong party to this lawsuit. Hertz also argues for the first time in its reply that the allegations of negligent entrustment are conclusory.

I deny Hertz's motion because the negligent entrustment claim is based on allegations that Hertz was negligent, so the Graves Amendment does not apply.  However, I grant Muhammad leave to amend to add more facts to support this claim.

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Title 49 U.S.C. § 30106(a) provides:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of

> the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

The tort of negligent entrustment in Nevada requires the plaintiff to plead and prove that the defendant entrusted the vehicle to the allegedly negligent driver and that the entrustment was negligent. *Garcia v. Awerbach*, 463 P.3d 461, 464 (Nev. 2020).

Negligent entrustment is not a claim for vicarious liability. Instead, it is based on a theory that Hertz was itself negligent by entrusting the vehicle to Skomsvold. The complaint alleges that Hertz entrusted the vehicle to Skomsvold and that it did so even though it "knew or should have known that" Skomsvold "was unfit to drive the subject vehicle." ECF No. 1-3 at 8-9. Because the negligent entrustment claim alleges Hertz was negligent, the Graves Amendment does not apply. *See* 49 U.S.C. § 30106(a)(2). Consequently, I deny Hertz's motion.

However, Muhammad's opposition indicates that he would like to rely on additional facts not pleaded in the complaint in support of this claim. Additionally, although I do not consider arguments raised for the first time in reply, the negligent entrustment claim is pleaded in conclusory fashion. Muhammad does not plead any facts making it plausible that Hertz's entrustment was negligent. Although I am not granting Hertz's motion on this basis, it is another reason why Muhammad may want to consider amending this claim. Muhammad may also want to consider whether he has sued the right defendant, given Hertz's argument that he has not. I am already granting Muhammad leave to amend his complaint in relation to Lyft's motion to dismiss. Consequently, I also grant Muhammad leave to amend his negligent entrustment claim to add any additional facts in support of this claim.

I THEREFORE ORDER that defendant Hertz Vehicles, LLC's motion to dismiss **(ECF No. 12) is DENIED**.

I FURTHER ORDER that by November 15, 2021, plaintiff Ameer Muhammad may file an amended complaint to add facts in support of his negligent entrustment claim and to name a different defendant if he has sued the wrong Hertz entity.

DATED this 22nd day of October, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE